JONATHAN T. PECK, SBN 12303 (VA)
PETER F. LAURA, SBN 116426 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3077
Fax No. (415) 522-3425
Peter.Laura@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | Civil Rights - Employment Discrimination |
| CITY OF MILPITAS, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission brings this employment action  under the Age Discrimination in Employment Act (ADEA) to correct unlawful employment practices on the basis of age, and to provide appropriate relief to s Rhonda Anderson, who was 55 years old at the time of the alleged violations, Felila Toleafoa, who was 42 years old at the time of the alleged violations, Margaret Espinoza, who was 56 years old at the time of the alleged violations, and Rosvida Galindez Penas, who was 58 years old at the time of the alleged violations (hereinafter referred as aggrieved claimants).  The claimants were adversely affected by such practices. Defendant City of Milpitas failed to hire Ms. Anderson, Ms. Toleafoa, Ms. Espinoza and Ms. Galindez Penas because of their ages in volation of the ADEA.

**JURISDICTION AND VENUE**

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 216(c) and 217.

2.       The unlawful employment practices alleged herein were committed in the State of California.  Defendant City of Milpitas is located within the jurisdiction of the United States District Court for the Northern District of California.  Venue is therefore proper in the United States District Court for the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

3.       This action is appropriate for assignment to the San Jose Division of this Court as the Defendant is located in Santa Clara County within the jurisdiction of the San Jose Division.

**PARTIES**

4.       Plaintiff, the Equal Employment Opportunity Commission (the Commission or the EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5.       At all relevant times, Defendant City of Milpitas has continuously been an agency or instrumentality of the State of California and has continuously had at least 20 employees.

6.       At all relevant times, Defendant has continuously been an employer within the meaning of 11(b)(2) of the ADEA, 29 U.S.C. § 630(b)(2).

**ADMINISTRATIVE PROCEDURES**

7.       On September 17, 2012, Charging Party Lori Casagrande filed a charge of discrimination with EEOC against the City of Milpitas alleging violations of the ADEA by Defendant City of Milpitas.  In this action, the EEOC does not seek relief on behalf of Lori Casagrande, but seeks relief on behalf of aggrieved claimants Ms. Anderson, Ms. Toleafoa, Ms.

Espinoza and Ms. Galindez Penas.  On September 24, 2014, the EEOC issued to Defendant City of Milpitas a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Lori Casagrande and a class of individuals (the aggrieved claimants) because of their age in violation of the ADEA, inviting Defendant to join with it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.  The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.  On February 11, 2015, the EEOC issued to Defendant a Notice of Failure of Conciliation.  All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Violation of ADEA: Failure to Hire

8.      In December 2012, a panel of three individuals, Steve McHarris, City of Milpitas Planning Director, Eren Romero from the City of Menlo Park, and Yvonne Galetta from the City of Santa Clara, interviewed, rated, and ranked the applicants for the Executive Secretary position, including Rachel Currie, Charging Party Casagrande and the claimants.  Defendant's Human Resources Director, Carmen Valdez, served as a timekeeper.  The three panel members rated and ranked Rachel Currie with an overall score of 82.33 out of 100.  A score of 80 to 89 is considered well-qualified.

9.      Other applicants who were in the protected age group, were all ranked well-qualified and received higher rankings than the selectee, Ms. Currie.  Rhonda Anderson (age 55) received a score of 91.33; Felia Toleafog (age 42) received a score of 87.33; Margaret Espinoza (age 57) received a score of 89; and Rosvida Galindez Penas (age 58) received a score of 84.20.

10.      On February 20, 2013, City Manager Thomas Williams notified Currie that she had been selected as the permanent Executive Secretary for the City Manager.  Her promotion was effective on February 24, 2013.  Currie was 39 years old at the time of her selection as Executive Secretary for the City Manager.

11.      Since at least February 2013, Defendant City of Milpitas failed to hire Ms. Anderson, Ms. Toleafoa, Ms. Espinoza and Ms. Galindez Penas because of their ages and instead hired Rachel

1   Currie who was 39 years old and less qualified than Ms. Anderson, Ms. Toleafoa, Ms. Esponaza and

2   Ms. Galindez Penas in violation of Section 623(a) of the ADEA.

3         12.    The effect of the practices complained of in Paragraphs 8 through 11 above has been

4   to deprive Ms. Anderson, Ms. Toleafoa, Ms. Espinoza and Ms. Galindez Penas of equal employment

5   opportunities and otherwise adversely affect their status as employees.

6         13.    The unlawful employment practices complained of in Paragraphs 8 through 11 above

7   were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

8   <center>**PRAYER FOR RELIEF**</center>

9         A.    Grant a permanent injunction enjoining Defendant City of Milpitas, its officers,

10   agents, servants, employees, attorneys, and all persons in active concert or participation with them,

11   from engaging in any employment practice which discriminates on the basis of age against

12   individuals 40 years of age and older.

13         B.    Order Defendant City of Milpitas to institute and carry out policies, practices and

14   programs which provide equal employment opportunities for individuals 40 years of age and older,

15   and which eradicate the effects of its past and present unlawful employment practices.

16         C.    Grant a judgment requiring Defendant City of Milpitas to pay appropriate back wages

17   in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest

18   and other benefits to the claimants whose wages were being unlawfully withheld as a result of the

19   acts complained of above.

20         D.    Grant a judgment requiring Defendant City of Milpitas to pay appropriate front pay in

21   an amount to be determined at trial, and prejudgment interest and other benefits to the claimants

22   whose wages were being unlawfully withheld as a result of the acts complained of above.

23         E.    Order Defendant City of Milpitas to make whole Ms. Anderson, Ms. Toleafoa, Ms.

24   Espinoza, and Ms. Galindez Penas, who were adversely affected by the unlawful practices described

25   above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

26         F.    Grant such further relief as the Court deems necessary and proper in the public

27   interest.

28         G.    Award the Commission its costs of this action.

## **DEMAND FOR JURY TRIAL**

The Commission demands a jury trial on all questions of fact raised by its complaint.

Dated: September 25, 2015

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507


By:   _/s/  Jonathan T. Peck_
JONATHAN T.  PECK
Acting Regional Attorney


By:   _/s/  Peter F. Laura_
PETER F. LAURA
Trial Attorney


**U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
San Francisco District Office